WISE, Presiding Judge,
concurring specially.
I agree with the majority that, based on the Alabama Supreme Court’s holding in *854 Ex parte Cobb, 703 So.2d 871, 877 (Ala.1996) (“the use of fists or other body parts cannot constitute the use of a ‘deadly weapon’ or ‘dangerous instrument’ ”), McMillian’s conviction for first-degree domestic violence must be reversed. However, perpetrators often use their body parts to injure their victims. Although those body parts would not be considered “deadly weapons” or “dangerous instruments” under the holding in Ex parte Cobb, they certainly can be, and frequently are, used to inflict serious physical injuries. Therefore, I write specially to urge the Alabama Supreme Court to reconsider its holding in Ex parte Cobb that the use of body parts cannot constitute the use of a “deadly weapon” or a. “dangerous instrument.” See also Grider v. State, 766 So.2d 189, 198 (Ala.Crim.App.1999) (Baschab, J., concurring specially); Harris v. State, 717 So.2d 868, 868 (Ala.Crim.App.1997) (Long, P.J., concurring specially).
KELLUM, J., concurs.

On Return to Remand

WELCH, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WINDOM, KELLUM, and MAIN, JJ., concur. WISE, P.J., concurs specially, with opinion.